IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LADEA PRESTESHIA TERRELL, | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-0497 |
| v. | ) Judge Mark R. Hornak |
| CAROLYN W. COLVIN,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

### I. INTRODUCTION

Plaintiff, Ladea Presteshia Terrell, brought this action pursuant to 42 U.S.C. § 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383(f).

### II. BACKGROUND

#### A. Facts

Plaintiff was born on December 2, 1986, (Tr. 135), attended school through the eighth grade, and then took classes at a trade school but did not graduate, *id.* at 60. She worked for a short period of time as a grocery store cashier, restaurant food preparer, and as a packager at a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, succeeding former Commissioner Michael J. Astrue. Social Security History - Social Security Commissioners, http://www.ssa.gov/history/commissioners.html (last visited on July 10, 2014). As a result, Acting Commissioner Colvin is now the official-capacity defendant in this action. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); Fed. R. Civ. P. 25(d).

warehouse. *Id.* at 50, 60. Plaintiff alleges disability as of February 15, 2009,[2] due to systemic lupus erythematosus,[3] rheumatoid arthritis, and hypertension. *Id.* at 150. The record reflects that Plaintiff has not engaged in substantial gainful work activity since alleging disability. *Id.* at 29.

## B. **Procedural History**

Plaintiff protectively filed an application for SSI on November 20, 2009. *Id.* at 135. An administrative hearing was held on September 15, 2011, before Administrative Law Judge Michael F. Colligan ("ALJ"). *Id.* at 55. Plaintiff was represented by counsel and testified at the hearing. *Id.* Charles M. Cohen, an impartial vocational expert ("VE"), also testified at the hearing. *Id.*

On November 10, 2011, the ALJ rendered a decision unfavorable to Plaintiff in which he found that, considering her age, education, work experience, and residual functional capacity ("RFC"), Plaintiff retained the ability to perform jobs that exist in significant numbers in the national economy, and therefore, Plaintiff was not "disabled" within the meaning of the Act. *Id.* at 50-51. The ALJ's decision became the final decision of the Commissioner on February 11, 2013, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On April 5, 2013, Plaintiff filed her Complaint in this Court in which she seeks judicial review of the ALJ's decision. The parties have filed cross-motions for summary judgment.

---

[2] Although Plaintiff alleged disability as of February 15, 2009, she did not protectively apply for benefits until November 20, 2009. Therefore, a determination of disability is only relevant as of December 2009, given that Plaintiff could not receive SSI benefits until the month following the month in which she filed her application. *See* 20 C.F.R. § 416.335.

[3] "Systemic lupus erythematosus" is defined as "an inflammatory connective tissue disease with variable features, frequently including fever, weakness and fatigability, joint pains or arthritis resembling rheumatoid arthritis, diffuse erythematous skin lesions on the face, neck, or upper extremities, with liquefaction degeneration of the basal layer and epidermal atrophy, lymphadenopathy, pleurisy or pericarditis, glomerular lesions, anemia, hyperglobulinemia, and a positive LE cell test result, with serum antibodies to nuclear protein and sometimes to double-stranded DNA and other substances." STEDMAN'S MEDICAL DICTIONARY 1124 (28th ed. 2006).

Plaintiff contends that the ALJ erred: 1) when he found that Plaintiff did not meet Listing 14.02; 2) by not applying the appropriate legal standard in arriving a residual functional capacity finding; and 3) by improperly relying on the vocational expert's testimony. Pl.'s Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Mem."), ECF No. 10, at 1. The Commissioner contends that the decision of the ALJ should be affirmed because it is supported by substantial evidence. Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br."), ECF No. 12, at 16. The Court agrees with the Commissioner and will therefore grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

### III. LEGAL ANALYSIS

#### A. Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 1383(c)(3); 405(g). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of more than a scintilla of evidence, but less than a preponderance. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798, 800 (3d Cir. 2010).[4]

---

[4] *See Burns v. Barnhart*, 312 F.3d 113, 119 n.1 (3d. Cir. 2002) ("This test [whether a person is disabled for purposes of qualifying for SSI] is the same as that for determining whether a person is disabled for purposes of receiving social security disability benefits [DIB]. *Compare* 20 C.F.R. § 416.920 *with* § 404.1520."); *Sullivan v. Zebley*, 493 U.S. 521, 525 n.3 (1990) (holding that regulations implementing the Title II [DIB] standard, and those implementing the Title XVI [SSI] standard are the same in all relevant aspects.); *Morales v. Apfel*, 225 F.3d 310, 315-16 (3d. Cir. 2000) (stating claimants' burden of proving disability is the same for both DIB and SSI).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. § 416.920. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and (5) if not, whether he or she can perform other work. *See* 20 C.F.R. § 416.920; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545-46 (3d Cir. 2003) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118-19 (3d Cir. 2000)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (internal citation omitted); 42 U.S.C. § 423 (d)(1). This may be done in two ways:

(1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. pt. 404, subpt. P, app. 1, *see Heckler v. Campbell*, 461 U.S. 458 (1983); *Newell*, 347 F.3d at 545-46; *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); or,

(2) in the event that the claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy," *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes the claimant from returning to

4

his or her former job. *Newell,* 347 F.3d at 545-46; *Jones,* 364 F.3d at 503. Once it is shown that the claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given the claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Rutherford,* 399 F.3d at 551; *Newell,* 347 F.3d at 546; *Jones,* 364 F.3d at 503; *Burns,* 312 F.3d at 119.

Where a claimant has multiple impairments that may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Diaz v. Comm'r of Soc. Sec.,* 577 F.3d 500, 502 (3d Cir. 2009); 42 U.S.C. § 423(d)(2)(B) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process, after determining that, considering Plaintiff's age, education, work experience, RFC, and the VE's testimony, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied,* 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are

supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff in essence contends that (1) the ALJ inaccurately assessed the medical evidence when he found that "none of the medical findings concerning the claimant's impairments meet or equal the criteria" of the Listings, Pl.'s Mem. at 10; (2) the ALJ did not apply the appropriate legal standards in arriving at his RFC finding, *id.* at 13; and (3) that the ALJ improperly relied on the VE's testimony after posing a hypothetical question to the VE that "was not a complete and accurate assessment of Plaintiff's limitations and abilities," *id.* at 16.

This Court disagrees. As to Plaintiff's first point, Plaintiff cites to the notes of Drs. Nashar and Aggarwal, approximately one month apart in date, and relies on the "History of Present Illness" section of Dr. Aggarwal's notes (copied verbatim into each of his notes, and referring to, over six months' time, Plaintiff's reports of extreme fatigue and weight loss "over the last couple of months"), to support her contention that "substantial evidence supports a finding of disability at step three" because Drs. Nashar and Aggarwal's notes indicate that Plaintiff had systemic lupus erythematous, extreme fatigue and weight loss, and systemic hypertension with lower extremity edema and proteinuria. Pl.'s Mem. at 11.

Unless otherwise specified in the listing, the medical evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.925(c)(4). Plaintiff's citation to two doctors' notes, a month apart in date, is insufficient to call into question the ALJ's assessment of the record medical evidence vis-à-vis his assessment of the credibility of Plaintiff's subjective complaints about her condition. Moreover, Plaintiff overlooks the fact that each of Dr. Aggarwal's notes contains a separate section in which he *contemporaneously* reviewed each of Plaintiff's body systems and

6

documented her then-current complaints. *See, e.g.*, (Tr. 225, 235, 241, 341, 348, 355, 370, 377, 384, 391). In each of these cited pages, dating from December 20, 2009 through June 28, 2010, Dr. Aggarwal repeatedly noted in his contemporaneous observation of Plaintiff that she "denies fever, weight changes or fatigue," in stark contrast to his copy-and-pasted "History of Illness" notes, on which Plaintiff solely relies. *See id.* The record sufficiently supports the ALJ's determination that while Plaintiff has the severe impairments of systemic lupus erythematosus, discoid lupus erythematosus,[5] rheumatoid arthritis, and hypertension, "none of the medical findings concerning the claimant's impairments meet or equal the criteria for severity" for one of the listed impairments, despite "[s]pecial consideration to Plaintiff's SLE and other connective tissue complaints in accordance with the Listing 14.02." *Id.* at 29, 30.

Plaintiff then avers that given the above-mentioned "evidence raising a colorable claim of presumptive disability, the ALJ should have elicited an opinion from treating source Dr. Aggarwal or Dr. Nashar." Pl.'s Mem. at 11. As explained, the doctors' notes cited to by Plaintiff do not render the ALJ's decision unsupported by substantial evidence, and regardless, under the SSI regulations, "[t]he signature of a State agency medical or psychological consultant on a [Disability Determination and Transmittal Form] . . . ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." S.S.R. 96-6P, 1996 WL 374180, at *3 (S.S.A. 1996); *see also* 20 C.F.R. § 416.927 ("State agency medical and psychological consultants and other program physicians, psychologists, and other

---

[5] "Discoid lupus erythematosus" is defined as "a form of lupus erythematosus in which cutaneous lesions are present; these commonly appear on the face and are atrophic plaques with erythema, hyperkeratosis, follicular plugging, and telangiectasia; in some instances systemic lupus erythematosus may develop." STEDMAN'S MEDICAL DICTIONARY 1124 (28th ed. 2006).

medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Except under circumstances inapplicable to Plaintiff's case, when an ALJ or an Appeals Council finds that an individual's impairments are not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by the Disability Determination and Transmittal Form. *See* S.S.R. 96-6P, 1996 WL 374180, at *3. Here, state agency physician Dr. Nelson Guelbenzu completed a Disability Determination and Transmittal Form, *see* (Tr. 82, 303-310), which is sufficient to satisfy the Agency's requirement to receive expert opinion evidence on the issue of equivalence. Thus, Plaintiff's challenges to the ALJ's conclusion that Plaintiff did not meet Listing 14.02 are without merit.

Plaintiff next contends that she actually had a medically determinable impairment as of February 15, 2009, contrary to the ALJ's finding. *See* (Tr. 31) ("Although the claimant has alleged an onset of disability date of February 15, 2009, there is no objective medical evidence in record to show she had any established severe impairment at that time."). She supports this argument with a citation to Dr. Aggarwal's October 30, 2009 treatment notes, which reveal (again in the copy-and-pasted "History of Present Illness" section) that "a few months ago," Plaintiff claimed that her shoulder, elbow, wrist, and fingers were hurting, she made multiple trips to the emergency room for this pain, and claimed that her primary care physician referred her to a rheumatologist. Pl.'s Mem. at 13.

Plaintiff's lone citation to those notes referencing Plaintiff's self-stated symptoms "a few months" prior to October 30, 2009 is insufficient to call into question the ALJ's conclusion that "there is no objective medical evidence in record to show that she had any established severe impairment at that time [February 15, 2009]." *See* (Tr. 31). Ultimately, Plaintiff's statements

alone cannot establish her disability under the Act. *See* 20 C.F.R. § 416.928(a) (claimants' statements alone are not enough to establish that there is a physical or mental impairment); 20 C.F.R. § 416.929(b) ("Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present"). Based upon the evidence of record, the ALJ's determination that Plaintiff did not demonstrate that she had a medically determinable impairment prior to September 2009 is supported by substantial evidence. *See also supra* note 2.

Moreover, the ALJ's RFC assessment and corresponding hypothetical question to the VE accounted for all of Plaintiff's credible functional limitations supported by the record. The ALJ is not bound to "submit to the vocational expert every impairment alleged by a claimant." *Rutherford*, 399 F.3d at 554. The standard is that "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations.*" *Id.* (emphasis in original). Where a "vocational expert's testimony was in response to a hypothetical that fairly set forth every credible limitation established by the physical evidence[,] . . . it can be relied upon as substantial evidence supporting the ALJ's conclusion that [the claimant] is not totally disabled." *Plummer v. Apfel*, 186 F.3d 422, 431 (3d Cir. 1999).

Here, the only physician of record who rendered an opinion on Plaintiff's physical capabilities for work was Dr. Guelbenzu, who concluded that Plaintiff retained the ability to perform a full range of medium work despite her impairments. (Tr. 82, 303-10). Yet, the ALJ, after observing that "the many inconsistencies between the claimant's allegations and medical records theretofore and between her allegations to different doctors raise serious questions about

9

her credibility," *id.* at 34, resolved some of his doubts in Plaintiff's favor[6] and further restricted Plaintiff to "light work as defined in 20 C.F.R. 416.967(b) except that she cannot perform work requiring repetitive bending or reaching above shoulder level with either arm," *id.* at 31, 75-76. With these limitations, the VE identified the representative jobs of information clerk, inspector, and surveillance system monitor. *Id.* at 76-77.[7] This Court concludes that the "vocational expert's testimony was in response to a hypothetical that fairly set forth every credible limitation established by the physical evidence," and as such, "it can be relied upon as substantial evidence supporting the ALJ's conclusion that [the claimant] is not totally disabled." *See Plummer*, 186 F.3d at 431.

Plaintiff next contends that the ALJ "made no function-by-function finding" in determining Plaintiff's RFC, as required under S.S.R. 96-8P. *See* S.S.R. 96-8P, 1996 WL 374184, at *1 (S.S.A. 1996) ("The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b) ["physical abilities"], (c) ["mental abilities"], and (d) ["other abilities affected by impairment(s)"] of 20 CFR 404.1545 and 416.945."). This Court disagrees.

First, Plaintiff alleged disability due to systemic lupus erythematosus, rheumatoid arthritis, and hypertension, all conditions that would affect her "physical abilities" function.

---

[6] *See also* (Tr. 49) (where the ALJ explained that "the State Agency physician's assessment . . . that the claimant could perform the full range of work at the medium exertional level is given some, but not great weight, as the medical evidence indicates the claimant's is slightly more limited").

[7] The ALJ also explained that "[a]lthough additional questions were propounded to the vocational expert that contained additional limitations to the claimant's capacity for work during this period, these limitations are not consistent with the medical evidence of record and exceed the residual functional capacity found therein. The questions and answers to the questions are therefore rejected." (Tr. 50).

10

Second, the record medical evidence before the ALJ pointed solely to Plaintiff's alleged functional limitations or restrictions as they relate to her physical condition. Early on in his decision, the ALJ explained as much when he stated that "[a]lthough the claimant alleged in testimony that she had a hard time with stress, medical evidence does not support a finding[] that she has any medically determinable mental impairment," and went on to specifically discuss the dearth of record medical evidence (and Plaintiff's own testimony) about any mental impairment. (Tr. 29). Finally, in her Memorandum in Support of Summary Judgment, Plaintiff does not cite to any record medical evidence of an impairment affecting her work related "mental abilities," or any other ability besides her work-related "physical abilities," that would somehow call into question the scope of the ALJ's function-by-function analysis in his decision.

In his RFC analysis, the ALJ thoroughly discussed the degree of any functional limitations or restrictions of Plaintiff as they related to the function of her physical abilities, and noted which of Plaintiff's subjective complaints as to her condition were inconsistent with the medical record; which of Dr. Aggarwal's opinions were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with the other substantial evidence in record" (and therefore not entitled to great weight); and which medical opinions were given considerable weight because those opinions were well-supported by the medical record and "generally consistent with the other substantial evidence in record." *See e.g.*, (Tr. 32, 35, 39, 40, 45, 47, 48). Plaintiff's assertion that the ALJ's decision is not supported by substantial evidence because the ALJ failed to give serious consideration to Plaintiff's subjective complaints or failed to provide adequate explanations for disregarding certain evidence is without merit.

## IV. CONCLUSION

Under the applicable standards of review and the current state of the record, this Court concludes that the decision of the ALJ should be affirmed as it is supported by substantial evidence - "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 401 – and thus, this Court must defer to the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: July 10, 2014

cc: All counsel of record